*R. D. Flynt, Ira N. Eubanks,* for plaintiff.

*Brock, Sparks & Russell, J. E. Burch,* for defendants.

---

14148. WESTERN & ATLANTIC RAILROAD *v.* CUMMINGS.

STEPHENS, J. 1. In a suit against a railroad company to recover damages for the burning of certain property of the plaintiff in a barn, alleged to have been caused by sparks emitted from a passing locomotive-engine of the defendant company, not equipped with a spark-arrester in good condition, evidence that the barn was within 76 yards of the railroad-track, that at the time the locomotive passed along the track the wind was blowing from the railroad in the direction of the barn, that cinders from the passing locomotive fell a distance from the track on the side upon which the barn was located, equal to the distance of the barn from the track, that the locomotive at the time was traveling upgrade, that, according to the testimony of the engineer, the locomotive emitted " a good deal more sparks or cinders than they usually do, . . was throwing an unusual amount of small cinders that day, . . that the fireman was raking the coal more than usual," that the top of the barn was discovered on fire on the side next to the railroad ten or fifteen minutes after the passing of the locomotive, is sufficient to authorize a jury to infer that the fire was caused by sparks emitted from the defendant's passing locomotive.

2. Positive testimony that the locomotive was equipped with a proper spark-arrester in good condition may be rebutted when the evidence as to the amount of the sparks emitted, and as to the distance to which they were thrown, etc., would authorize the inference that the engine

was not equipped with any spark-arrester, or that, if so equipped, the spark-arrester was not at the time in good condition.

3. The jury having found for the plaintiff, and there being some evidence from which it could be inferred that the plaintiff's damage was caused by sparks being emitted from the defendant's locomotive, and that the spark-arrester was not at the time in good condition, thus authorizing an inference of negligence on the part of the defendant, and the verdict having the approval of the trial judge, this court will not disturb the same.          *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 13, 1923.

Action for damages; from Catoosa superior court — Judge Tarver. September 29, 1922.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error.

*Westmoreland & Smith,* contra.